# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSHUA EDWARD MARCHMAN,
 Petitioner,

v.

WARDEN TARMARSHE SMITH,
 Respondent.

Civil Action No.
1:20-cv-04490-SDG

## OPINION AND ORDER

 Petitioner Joshua Edward Marchman, an inmate at Macon State Prison in Oglethorpe, Georgia, challenges his 2012 convictions in the Cobb County, Georgia Superior Court.[1] Marchman raises twenty-one grounds for relief in his Section 2254 habeas petition. United States Magistrate Judge Walter E. Johnson reviewed those claims and determined that none of them entitled Marchman to relief. Accordingly, Judge Johnson recommended that Marchman's petition be denied.[2] Marchman objected.[3] After careful consideration of the record, the Report and

---

[1] On April 27, 2012, Marchman was convicted by a jury of two counts of malice murder; four counts of felony murder; two counts of kidnapping with bodily injury; one count of kidnapping; six counts of aggravated assault; and five counts of armed robbery. ECF 12-6, at 32–37. The felony murder convictions were vacated as a matter of law, and the two aggravated assault convictions associated with the murders merged into the malice murder convictions. *Marchman v. Georgia*, 299 Ga. 534, 534 n.1 (2016). The convictions arose out of Marchman's participation in a "crime spree" during which two victims were killed. *Id.* at 534–37 (describing the evidence presented at Marchman's trial).

[2] ECF 31.

[3] ECF 35.

Recommendation (R&R), and Marchman's objections, the Court **OVERRULES** the objections and **ADOPTS** the R&R.

## I.    Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and provide specific bases for the objections. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must make a *de novo* determination of those portions of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record, Fed. R. Civ. P. 72(b).

## II.   Discussion

### 1.    Ground 1

Ground 1 in the habeas petition asserts that the state trial court erred in admitting into evidence Marchman's cell phone records because they were obtained without a warrant. Marchman objects that the R&R erred by determining

that he is not entitled to relief on this ground since it purportedly ignored that the state habeas court's adjudication of this issue was contrary to established law.[4]

In the R&R, Judge Johnson concluded that Ground 1 is not a cognizable basis for relief: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search [or] seizure was introduced at his trial."[5] As Judge Johnson further noted, the state trial court denied Marchman's motion to suppress this evidence and the Georgia Supreme Court affirmed that denial.[6] The R&R therefore correctly reasoned that Marchman had failed to show "that he did not have an opportunity for full and fair litigation of this claim in state court."[7]

Marchman specifically objects that the state courts' adjudication of this claim contravened *Riley v. California*, 573 U.S. 373 (2014), implying that he did not have an opportunity to fully litigate this ground in the state courts.[8] However, "full and fair consideration" requires only consideration by the trial court "and at least

---

[4] ECF 35, at 1.

[5] ECF 31, at 8 (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)). *See generally id.* at 7–9.

[6] *Id.* at 8 (citing *Marchman*, 299 Ga. 538–39).

[7] *Id.*

[8] ECF 35, at 1.

the availability of meaningful appellate review by a higher state court." *Tukes v. Dugger*, 911 F.2d 508, 513–14 (11th Cir. 1990). The record clearly shows that Marchman received both. The relief Marchman seeks on Ground 1 is thus unavailable under *Stone v. Powell*, 428 U.S. 465, 494 (1976).

In *Riley*, the Supreme Court held that police could not conduct a warrantless search for information on a person's cell phone. 573 U.S. at 403. In contrast, the information presented at Marchman's criminal trial was obtained from the service provider rather than directly from the phone itself. While the Supreme Court *later* determined that a warrant is required for cell-site location information obtained from a service provider, *Carpenter v. United States*, 138 S. Ct. 2206 (2018), Marchman was convicted six years before that case was decided. The law in Georgia at the time of his conviction was that no warrant was required for such information. *Registe v. Georgia*, 292 Ga. 154 (2012) (holding that voluntary disclosure of defendant's cellular telephone records by service provider did not require suppression of the records), *overruling recognized in Outlaw v. Georgia*, 311 Ga. 396, 401 (2021). The good-faith exception to the exclusionary rule therefore applies. *See United States v. Green*, 981 F.3d 945, 957 (11th Cir. 2020) (holding that good-faith exception applied when Florida police relied on Florida court decisions that historical cell-site data and real-time tracking data could be obtained from a service provider without a warrant).

Marchman is not entitled to relief with respect to Ground 1.

### 2. Grounds 7, 8, 12, 13, 18, and 21

Claims that have been procedurally defaulted under state law cannot be addressed by federal habeas courts unless the petitioner demonstrates cause and prejudice. *Caniff v. Moore*, 269 F.3d 1245, 1246 (11th Cir. 2001). Marchman objects to the R&R's conclusions that (1) Grounds 7, 8, 12, 13, 18, and 21 had been procedurally defaulted[9] and (2) Marchman did not overcome the default.[10] Marchman relies on *Martinez v. Ryan*, 566 U.S. 1 (2012), in support of his contention that courts are required "to reach the merits of every claim that is defaulted when the petitioner claims the default was based on ineffective assistance of counsel."[11] This is incorrect. In *Martinez*, the Supreme Court held that inadequate assistance by post-conviction counsel *may* establish sufficient cause to excuse a procedural default of an ineffective-assistance-of-trial-counsel claim. *Id.* at 9. That is not the case here. Moreover, to overcome a default based on the ineffective assistance of post-conviction counsel, Marchman would have had to *establish* that counsel was

---

[9] Marchman's objections incorrectly indicate that Judge Johnson held that Grounds 7, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, and 21 are procedurally barred. ECF 35, at 2. It is clear, however, from the context of Marchman's objections that he meant Grounds 7, 8, 12, 13, 18, and 21. Grounds 9, 10, 11, 14, 15, 16, 19, and 20 were not rejected on procedural default grounds. ECFs 1, 31.

[10] ECF 35, at 2.

[11] *Id.*

ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), by showing both deficient performance and prejudice. *Martinez*, 566 U.S. at 14.[12] Merely *alleging* ineffective assistance is not enough.

Marchman has not shown the cause and prejudice necessary to overcome the bar on review of the procedurally defaulted Grounds 7, 8, 12, 13, 18, and 21.

### 3.  Grounds 2 and 4

Judge Johnson determined that Grounds 2 and 4 were not exhausted and are therefore procedurally defaulted because Georgia's successive petition rule prevents Marchman from returning to state court to exhaust them.[13] 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state-court remedies for each claim raised); *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999) (noting that an unexhausted claim is defaulted if state procedural rules prevent raising the claim in state court). In his objections, Marchman repeats his conclusory assertion that he raised Grounds 2 and 4 in his direct appeal.[14] Judge Johnson, however, determined that Marchman had only raised similar claims under *state* law, which is insufficient to exhaust his *federal* claims based on the same grounds.[15]

---

[12]  *See generally* ECF 31, at 21–22 (discussing the standard for evaluating claims of ineffective assistance of counsel under *Strickland*).

[13]  ECF 31, at 11–13.

[14]  ECF 35, at 2.

[15]  ECF 31, at 13.

In any event, Grounds 2 and 4 fail because Marchman did not show any constitutional error. In Ground 2, Marchman asserts that the trial court erred when it reread the jury instruction for both "party to a crime" and "failure to prosecute principals" in response to the jury's request for clarification on the law of "parties to a crime."[16] Marchman argues that the jury did not ask for the "failure to prosecute principals" charge and contends that rereading it caused jury confusion and was inappropriate.[17] Marchman does not, however, argue that the instructions were incorrect statements of the law, and he cites no authority suggesting that the jury charges as given violated his constitutional rights.

In Ground 4, Marchman contends that the trial court erred by permitting a lay witness to testify to the contents of a still photograph pulled from a surveillance video even though the witness was not present when the video was taken.[18] "Federal habeas courts do not generally sit to correct erroneous evidentiary rulings by state courts unless the error produces fundamental unfairness." *Cox v. Montgomery*, 718 F.2d 1036, 1038 (11th Cir. 1983). During the testimony Marchman questions, the owner of a convenience store averred that the individual depicted in the still photograph was a clerk who worked at the store.

---

[16] ECF 1, at 7.

[17] *Id.*

[18] *Id.* at 10.

In reviewing this claim under state law, the Georgia Supreme Court concluded that any error from this testimony was harmless because "[t]he clerk's identity [was] not central to the case." *Marchman*, 299 Ga. at 542. It thus follows that the testimony was not fundamentally unfair and Marchman cannot satisfy *Cox*.

### 4.   Grounds 3 and 5

In Grounds 3 and 5, Marchman asserts that two witnesses' in-court identifications of him were tainted by unduly suggestive out-of-court identifications. The Georgia Supreme Court concluded that Marchman's rights were not violated because there were independent origins—beyond the suggestive out-of-court identifications—supporting the in-court identifications. *Id.* at 540–41. As the R&R notes, the Georgia Supreme Court's ruling was not unreasonable or contrary to clearly established federal law, so it is entitled to deference under 28 U.S.C. § 2254(d).[19] Marchman's conclusory assertion that it is not entitled to deference is not a proper objection. *Schultz*, 565 F.3d at 1361.

### 5.   Ground 6

In Ground 6, Marchman argues that the evidence presented at his criminal trial was insufficient to sustain his convictions. He raised this claim in his direct appeal. The Georgia Supreme Court exhaustively reviewed the trial evidence and concluded that it "was sufficient to exclude every reasonable hypothesis save that

---

19   ECF 31, at 16.

of guilt, and to warrant Marchman's conviction, either as a perpetrator who directly committed the crime or as a party to the crime, on each of the crimes charged." *Marchman*, 299 Ga. at 534–37, 537 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In support of his federal habeas petition, Marchman argued that (1) all the evidence against him was circumstantial, (2) the evidence did not exclude every reasonable hypothesis other than guilt, and (3) a rational trier of fact could not have found him guilty based on the evidence presented.[20] In his objections to the R&R, Marchman claims that there were discrepancies in statements made by numerous witnesses, but he does not identify any.[21] Nor does he point to examples of police officers coaching or intimidating witnesses.[22] Put simply, Marchman has failed to show that the Georgia Supreme Court's ruling on this Ground is not entitled to deference under Section 2254(d). Accordingly, this Court agrees with the R&R's conclusion that Ground 6 fails.

### 6. Grounds 9 and 10

Grounds 9 and 10 concern Marchman's competency to stand trial. In Ground 9, he asserts that appellate counsel was ineffective for failing to raise trial

---

20   *See generally* ECF 26-1; ECF 30.

21   ECF 35, at 3.

22   *Id.*

counsel's failure to investigate Marchman's competency. Ground 10 is based on the alleged ineffectiveness of appellate counsel for failing to raise that the trial court did not sua sponte consider Marchman's competency to stand trial.[23] The state habeas court determined that nothing in the record established that Marchman was not competent to stand trial;[24] Judge Johnson concluded that the state habeas court's ruling was consistent with clearly established law and that Marchman had not at any point argued that he was actually incompetent to stand trial.[25] Because Marchman did not show any prejudice stemming from his trial counsel's or the trial court's failure to have him evaluated for competency, Judge Johnson recommended that Grounds 9 and 10 be denied.[26]

In his objections, Marchman disputes Judge Johnson's conclusions, asserting that the state trial judge and trial counsel were aware of information that should have triggered them to further inquire into competency.[27] Notably, however, other than his bald statements to that effect, Marchman did not present

---

[23] ECF 1, at 23–25.

[24] ECF 31, at 24 (citing ECF 12-3, at 14–15).

[25] *Id.*

[26] *See generally id.* at 21–25.

[27] ECF 35, at 3–5.

any evidence either in this Court or before the state habeas corpus court that tends to show he was incompetent at the time of his trial.[28]

According to the Eleventh Circuit,

> a petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his [ ] incompetency by a preponderance of the evidence. Only a petitioner who presents clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence to stand trial is entitled to a hearing on his substantive competency claim. The point is that on this claim, the standard of proof is high and the facts must positively, unequivocally, and clearly generate the legitimate doubt about whether the petitioner was mentally competent when he was tried. Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.

*Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1259 (11th Cir. 2002) (cleaned up). Since Marchman raises Grounds 9 and 10 in the context of ineffective assistance of counsel, in order to establish prejudice under *Strickland*, he must show that he was, in fact, legally incompetent at the time of his trial. Marchman has presented no such evidence, nor has he presented evidence that he behaved abnormally at trial, had any problem understanding the charges against him, or had difficulty communicating with his counsel. *Wright*, 278 F.3d at 1259. Accordingly, he has

---

[28] ECF 12-3, at 14–15; ECF 31, at 23–25.

failed to provide any basis for this Court to conclude that the state habeas corpus court's denial of these claims was unreasonable under Section 2254(d). Therefore, Marchman is not entitled to relief on Grounds 9 and 10.

### 7. Ground 11

In Ground 11, Marchman asserts that his appellate counsel was ineffective by failing to raise the argument that the trial court erred when it limited the defense expert witness's testimony concerning witness identification.[29] The trial court permitted the expert to testify about studies she may have done or general knowledge she possessed, but prohibited her from testifying on the procedures used by law enforcement to obtain specific witnesses' out-of-court identifications or from offering any opinion on the reliability of the witnesses' identifications.[30]

The state habeas corpus concluded that, because there was substantial evidence corroborating witnesses' identification of Marchman, Marchman could not demonstrate a reasonable probability that the outcome of his appeal would have been different if appellate counsel had raised the claim about the limitation of his expert's testimony.[31] Without such a showing, Marchman cannot establish

---

[29] ECF 1, at 25–26.

[30] ECF 12-3, at 7–9.

[31] *Id.* at 15–16.

prejudice under *Strickland*, and the R&R correctly concluded that this Court must defer to the state habeas court's ruling denying relief on this Ground.[32]

Marchman's objections rely on conclusory assertions that the witnesses' identifications were unreliable and his appeal would have been different if the scope of his expert's testimony had not been restricted.[33] But he has not provided any evidence or argument showing how the state trial court's decision to limit the expert's testimony was unreasonable under 28 U.S.C. § 2254(d). Marchman is not entitled to relief based on Ground 11.

### 8. Grounds 14 and 15

Marchman was tried along with his codefendant, Joshua Arnold. *Marchman*, 299 Ga. 534. In his Grounds 14 and 15, Marchman contends that his appellate counsel was ineffective for failing to raise claims related to the trial court's refusal to sever his trial from that of Arnold.[34]

A federal habeas petitioner "seeking relief for a trial court's refusal to sever a codefendant must show that the refusal rendered the trial fundamentally unfair," *Williams v. Singletary*, 114 F.3d 177, 179 (11th Cir. 1997), or resulted in a violation of the petitioner's right to silence, *DeLuna v. United States*, 308 F.2d 140,

---

[32]   ECF 31, at 26–27.

[33]   ECF 35, at 5.

[34]   ECF 1, at 27–29.

141 (5th Cir. 1962). In a non-capital case, the severance of a codefendant's trial is within the sound discretion of the trial court and will not be disturbed unless there is an abuse of discretion. O.C.G.A. § 17-8-4; *Dixon v. Georgia*, 268 Ga. 81, 82 (1997). A Georgia defendant desiring severance must make a clear showing of prejudice and a consequent denial of due process in the absence of severing. *Berry v. Georgia*, 267 Ga. 605, 611 (1997), *disapproved of on other grounds in Clark v. Georgia*, 315 Ga. 423, 431–37 (2023).

Here, the R&R concluded that Marchman did not present a credible argument that his joint trial was improper under state law, and, thus, he could not demonstrate that his appellate counsel was ineffective for failing to raise meritless claims.[35] The R&R also noted that the state habeas court reasonably applied *Strickland* in determining that Marchman had not shown prejudice.[36] Marchman objects that his trial counsel waived the motion to sever without his knowledge and the joint trial prejudiced Marchman because of unspecified testimony related to the "extrajudicial bad acts of his co-defendant."[37] But Marchman does not describe or cite to that testimony. Trial counsel did not initially move to sever

---

[35] ECF 31, at 28.

[36] *Id.*

[37] ECF 35, at 5–6.

because he did not believe there was a good basis for it.[38] And, Marchman has not shown how he was prejudiced by the joint trial. He is not entitled to relief with respect to Grounds 14 and 15.

### 9.    Ground 16

In Ground 16, Marchman alleges that his appellate counsel was ineffective for failing to raise on direct appeal that the trial court erred when it denied his motion to dismiss the indictment due to prosecutorial vindictiveness.[39] Marchman claims that, after he filed motions to suppress and refused a plea bargain, the state re-indicted him on more serious charges. Judge Johnson concluded that, under Section 2254, this Court must defer to the state habeas court's decision denying relief on this claim.[40]

A new indictment adding new charges that increase the potential penalty a defendant faces may violate due process if the prosecutor obtained the new charges out of vindictiveness in response to the defendant's exercise of a legal, procedural, or constitutional right. *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983). Here, the state habeas court determined that the state had

---

[38]   ECF 12-3, at 10.

[39]   ECF 1, at 29–30.

[40]   ECF 31, at 30–31.

articulated specific reasons why it re-indicted Marchman.[41] Specifically, the state (1) received additional evidence that one of the victims suffered bodily injury during his kidnapping and, (2) after further review of the facts of the case, concluded it would be "prudent" to add the charge of armed robbery based on the taking of a car from one of the victims.[42] The state habeas court therefore concluded that the trial court was authorized to find that Marchman had failed to meet his burden to show vindictiveness.[43]

In his objections, Marchman continues to assert—without support—that the new charges did not arise from new information.[44] He has not, however, presented clear and convincing evidence to rebut the trial court's finding that he did not establish vindictiveness, 28 U.S.C. § 2254(e)(1), and therefore cannot show that this Court should decline to defer to the state habeas court's ruling. Marchman has failed to demonstrate that he is entitled to relief on Ground 16.

### 10. Ground 17

In Ground 17, Marchman challenges the state's tracking of his movements using a cell phone without establishing ownership of the phone.[45] The R&R

---

[41] ECF 12-3, at 18–19.

[42] *Id.* at 12.

[43] *Id.* at 18–19.

[44] ECF 35, at 6–7.

[45] ECF 1, at 30.

determined that, in his reply brief, Marchman recharacterized this claim as a challenge to the state's tracking of his movements using cell phone location data.[46] To the extent Marchman was attempting to raise a due process challenge, the R&R concluded that he had failed to state a claim because location tracking using electronic devices constitutes a Fourth Amendment search.[47] To the extent Marchman was raising a Fourth Amendment challenge, it duplicated Ground 1.[48]

Marchman objects by contending that Judge Johnson misconstrued his claim—he argues that his ownership of the cell phone was never established by the state and the owner never gave permission for a search.[49] As this Court has already indicated, however, Marchman may not challenge the admission of the cell phone data under *Stone v. Powell*, 428 U.S. at 494.[50] In any event, the investigators who obtained the cell phone data could rely on the good-faith exception to the exclusionary rule.[51] Marchman has thus failed to demonstrate that he is entitled to relief on Ground 17.

---

[46] ECF 31, at 31.

[47] *Id.* at 31–32.

[48] *Id.* at 32.

[49] ECF 35, at 7–8.

[50] *See* discussion *supra* re Ground 1.

[51] *Id.*

**11.   Ground 19**

In Ground 19, Marchman claims that his appellate counsel was ineffective for failing to promptly provide him with all transcripts and court records after the conclusion of his direct appeal.[52] Judge Johnson reasoned that Marchman failed to state a claim for relief because Section 2254 is limited to challenges to the legality of the petitioner's conviction or sentence.[53] Events after Marchman's direct appeal cannot provide a basis for relief.

In his objections, Marchman argues that this ground is viable because his appellate counsel's conduct inhibited his ability to exercise his right to petition for a writ of habeas corpus.[54] However, "deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland*, 466 U.S. at 692 (emphasis added). Whether Marchman had access to his case records for purposes of preparing a habeas petition did not affect the outcome of his trial or direct appeal. *Id.* at 693–94. Accordingly, this Court agrees that Ground 19 fails to state a claim for relief.

---

[52]   ECF 1, at 31–32.

[53]   ECF 31, at 33 (citing *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009)).

[54]   ECF 35, at 8.

**12.    Ground 20**

Finally, in Ground 20, Marchman asserts that his appellate counsel was ineffective for failing to ensure that a copy of a witness's recorded interview was sent to the Georgia Supreme Court as part of the record on appeal.[55] Marchman contends that the recording depicts law enforcement officers coaching the witness to pick Marchman out of a photo lineup.[56] The state habeas court could not assess whether Marchman was prejudiced by appellate counsel's purported error because no copy of the recording was filed in connection with Marchman's state habeas petition.[57] The R&R noted that Marchman's assertions about the contents of the interview were speculative and the state habeas court reasonably applied *Strickland* in determining that Marchman did not show prejudice.[58]

In his objections, Marchman contends that he believed it was the responsibility of the state to file the recording into evidence in the state habeas proceeding and his motion to supplement the record with the recording was denied.[59] Marchman has not, however, produced a copy of the recording in *this* proceeding. As a result, the Court cannot conclude that Marchman was prejudiced

---

[55] ECF 1, at 32–33.

[56] *Id.*

[57] ECF 12-3, at 19.

[58] ECF 31, at 33–34.

[59] ECF 35, at 8–9.

by his appellate counsel's failure to submit the recording to the Georgia Supreme Court based on Marchman's bare statements about what happened during the interview. *See Bennett v. Fortner*, 863 F.2d 804, 809 (11th Cir. 1989) (habeas petitioner could not demonstrate prejudice from counsel's failure to order medical tests when "the record does not contain any test results, [and] any prejudice would be merely speculative").

**III.   Conclusion**

Marchman's objections [ECF 35] are **OVERRULED** and the R&R [ECF 31] is **ADOPTED** as the Order of this Court. Marchman's petition for a writ of habeas corpus is **DENIED**. Because Marchman has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED**. Marchman may nevertheless seek a Certificate of Appealability from the Eleventh Circuit Court of Appeals.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 30th day of May, 2023.

Steven D. Grimberg
United States District Court Judge